**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
**Lions Gate Entertainment Corporation,**

                     **Plaintiff,**                                **OPINION & ORDER**

      **-against-**

                                                                     **10 CV 08169 (HB)**

**Carl C. Icahn** *et al.*
                    **Defendants.**
---------------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge:**

    Plaintiff Lions Gate Entertainment Corporation ("Lionsgate") originally brought five causes of action against Defendants. Plaintiff has conceded that Counts II and IV are moot; during oral argument on March 18, 2011, this Court granted Defendants' motion to dismiss as to Count V, denied the motion as to Count III, and reserved decision on Count I. For the reasons that follow, Defendants' motion is now GRANTED as it pertains to Count I.

    Under Count I, Lionsgate claims that Icahn failed to disclose his plans regarding a possible Lionsgate-MGM merger, and failed to disclose an agreement with entertainment industry financier Mark Cuban by which Icahn was to buy Cuban's 5.4% share in Lionsgate for special consideration. According to Lionsgate, Icahn's failure to disclose this information violated section 13(d) of the Securities Exchange Act of 1934 (the "'34 Act").[1]

    Icahn's motion to dismiss is premised on the theory that when he amended his Schedule 13D filing to attach the Complaint and Amended Complaint, he cured any previous disclosure deficiencies and Count I should be dismissed as moot. Courts in this District and elsewhere have held that in an action claiming a failure to disclose under the '34 Act, a defendant's filing an amendment to its Schedule 13D and attaching plaintiff's complaint is "sufficient to satisfy Williams Act requirements and moot any Williams Act claim." See *Taro Pharm. Indus., Ltd. v. Sun Pharm Ltd.*, No. 09 Civ. 8262 (PGG), 2010 WL 2835548, at *10 (S.D.N.Y. July, 13 2010) (citing *Avnet, Inc. v. Scope Indus.*, 499 F. Supp. 1121 (S.D.N.Y. 1980)).

    Lionsgate argues that *Horsehead Res. Dev. Co v. B.U.S. Envtl. Servs., Inc.*, 916 F. Supp. 305 (S.D.N.Y. 1996) stands for the proposition that, contrary to *Avnet* and *Taro*, filing a complaint is

---

[1] Section 13(d) requires any person acquiring a beneficial ownership of more than 5% of a class of registered stock in a company to make certain filings and disclosures with the issuer of the security, the exchange where the security is traded, and the SEC.

not enough to moot a section 13(d) claim. However, its reliance on *Horsehead* is misplaced. In that case, plaintiff brought an action alleging that defendant's 13D filing failed to disclose that defendant was under investigation for criminal violations of German environmental laws and regulations. In response, the defendant annexed the complaint to an amended 13D filing, thus disclosing the alleged environmental violations. *Id.* at 308. The court distinguished *Avnet* on the grounds that where information not disclosed involves a criminal investigation specifically related to the business of the company who allegedly failed to disclose, attaching the allegations in a civil complaint to an amended 13D filing is insufficient; the defendant was also required to disclose whether the criminal investigation was ongoing or conclusively ended without convictions. *Id.* at 313. *Horsehead* cited *Avnet* with approval and noted that generally "if [a] party in good faith disputes the violations, the party need only disclose the possibility of the violations." *Id.* at 312. The court further acknowledged that in *Avnet* and similar cases such disclosure was sufficient to moot any 13D claims. *Id.* Here, there is no allegation that Defendants are involved in an ongoing criminal investigation related to their dealings with Lionsgate, and they vigorously dispute any special dealings with Cuban or plans for an MGM merger.

Plaintiff also cites to a ruling, made from the bench, in which Judge Cote noted that the result compelled by *Avnet* could undermine the purpose of the 13D disclosure requirement. In a subsequent opinion, she declined without explanation to dismiss a claim as moot despite the fact that the defendant had filed the amended complaint wih the SEC. *See E.ON AG v. Acciona, S.A.*, 468 F. Supp. 2d 537, 555 (S.D.N.Y. 2006). Lionsgate provides no context for this ruling, nor any attempt to distinguish *Avnet* or cases such as *Taro* that were decided subsequent to *E.ON AG* and affirmed the *Avnet* rule.

For these reasons Defendants' motion to dismiss is GRANTED as to Count I, and the Clerk of the Court is directed to close the motion and remove it from my docket.

SO ORDERED
March 23, 2011
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.