**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
**Lions Gate Entertainment Corporation,**

                        **Plaintiff,**                  **MEMORANDUM**
                                                            **OPINION & ORDER**
       **-against-**

                                                                   **10 CV 08169 (HB)**

**Carl C. Icahn** *et al.*
                        **Defendants.**
------------------------------------------------------------X
**Hon. HAROLD BAER, JR., District Judge:**

       Defendants Carl C. Icahn, Brett Icahn, Icahn Partners LP, High River Limited Partnership, Hopper Investments LLC, Barberry Corp., Icahn Onshore LP, Icahn Offshore LP, Icahn Capital LP, IPH GP LLC, Icahn Enterprises Holdings L.P., Icahn Enterprises G.P. Inc., and Beckton Corp. (collectively, "Defendants" or "Icahn"), move for reconsideration of this Court's Opinion and Order, dated March 23, 2011 (the "March 23 Order"). That order denied Icahn's motion to dismiss as to Count III, granted the motion as to Counts I and V, and recognized that Counts II and IV were abandoned as moot. For the reasons set forth below, Defendants' motion for reconsideration is DENIED.

       A motion for reconsideration, governed by Local Civil Rule 6.3, is "generally not favored and is properly granted only upon a showing of exceptional circumstances." *New York v. Parenteau*, 382 F. App'x 49, 50 (2d Cir. 2010). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (internal quotations omitted). Icahn's argument posits that the March 23 Order, as it related to Count I, constitutes controlling authority or an intervening change in law that was overlooked by the March 23 Order as it related to Count III. This is not as absurd as it sounds: in essence, Icahn suggests that the Court did not fully explore the consequences that a dismissal of Count I would have on the viability of Count III.

       Count I asserted that Icahn's failure to disclose information related to (1) a possible Lionsgate-MGM merger and (2) an agreement with Mark Cuban by which Icahn would buy Cuban's shares in Lionsgate for special – probably more – consideration violated section 13(d) of the Securities Exchange Act of 1934 (the "'34 Act"). Count III asserts a violation of section 14(d)(7) of the '34 Act and the related Best Price Rule based on Icahn's alleged failure to offer to

1

all shareholders the same consideration that Icahn provided to Mark Cuban.  I dismissed the section 13(d) claim as moot because Icahn made adequate curative disclosures subsequent to the start of this lawsuit.

Icahn now argues that with no claim for disclosures under section 13(d), the only remaining remedy requested by Lionsgate amounts to claims for damages dressed up in injunctive clothing.  He contends that Lionsgate lacks standing to sue for damages under section 14(d)(7) because that section confers no private right of action, and even if it does, that private right does not extend to issuers, and certainly not to issuers seeking money damages.  Lionsgate counters that the relief it requests to cure the section 14(d)(7) violation is solely injunctive in nature and that precedent clearly supports an issuer's right to bring a claim for injunctive relief pursuant to section 14(d)(7).   I have reviewed the parties' submissions and conclude that Icahn has failed to cite to any controlling or intervening authority nor any data that the Court overlooked.  *See Parenteau*, 382 F. App'x at 50.

Even were it appropriate to forgive Icahn's failure to meet the high standard for reconsideration, his arguments fail to provide a clear basis for dismissal.  This Circuit has recognized a private right of action under section 14(d)(7).  *See Field v. Trump*, 850 F.2d 938, 945-46 (2d Cir. 1988). *See also Gerber v. Computer Assocs. Int'l, Inc.*, 303 F.3d 126, 132 (2d Cir. 2002) (affirming a verdict for plaintiff shareholders on a private claim under section 14(d)(7)); *In re Luxottica Group S.p.A. Secs. Litig.*, 293 F. Supp. 2d 224, 230 (E.D.N.Y. 2003). While the parties cite no case directly on point, relevant precedent suggest that such a right extends to issuers who sue for equitable relief, so long as such issuer suits further Williams Act goals by ultimately redounding to the benefit of shareholders.  *See GAF Corp. v. Milstein*, 453 F.2d 709, 719 (2d Cir. 1971) (finding that the congressional purpose of section 13(d) was furthered by providing issuers with the right to sue)[1]; *Capital Real Estate Inv. Tax Exempt Fund Ltd. Partnership v. Schwartzberg*, 929 F.Supp. 105, 108-109 (S.D.N.Y.1996) (applying similar reasoning to section 14(a)).  *See also CSX Corp. v. Children's Inv. Fund Management (UK) LLP*, 562 F.Supp.2d 511, 567 (S.D.N.Y. 2008) (noting in *dicta* that "courts in this circuit have found an implied private right of action for issuers-such as plaintiff-to bring claims for injunctive relief

---

[1] The Second Circuit has noted that four other circuits – the Fourth, Fifth, Seventh, and Ninth – have followed the Second Circuit's holding in *GAF Corp.* that issuers have a cause of action for injunctive relief, but these courts have not thus far granted issuers a cause of action for damages.  *See Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 286 F.3d 613, 622 n.8 (2d Cir. 2002).

for violations of Sections 13(d) and 14(a) on the premise that the 'congressional purpose was furthered by providing issuers with the right to sue.'") (quoting *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 286 F.3d 613, 620 (2d Cir. 2002)). "[T]he sole purpose of the Williams Act [is] the protection of investors who are confronted with a tender offer." *Piper v. Chris-Craft Indus. Inc.*, 438 U.S. 1, 35 (1977). Here, as just one example of this lawsuit's consistency with Williams Act goals, Lionsgate's request for equivalent consideration for shareholders would rectify any Best Price Rule violations, and act as a deterrent against future violations.

Icahn's arguments to the contrary may prevail somewhere, sometime, but hardly on a motion to reconsider. Further, his position that Lionsgate seeks only damages masquerading as equitable relief is belied by a review of Lionsgate's remaining claim and requests for relief, which clearly indicate at least the potential viability of equitable relief in this case. Icahn's theories thus do not provide grounds for dismissal, and are far too attenuated to constitute authority or data that the Court should reasonably have considered in its previous rulings on Icahn's motion to dismiss.

Icahn's motion for reconsideration is DENIED. The Clerk of the Court is directed to close the motion and remove it from my docket.

**SO ORDERED**
June 20, 2011
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.